UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SCHLEIDER ARISTHYL,<br><br>          Defendant | Criminal No.  26cr10204<br><br>Violations:<br><br>Count One: Wire Fraud; Aiding and Abetting (18 U.S.C. §§ 1343 and 2)<br><br>Count Two: Making False Statements to a Mortgage Lending Business; Aiding and Abetting (18 U.S.C. §§ 1014 and 2)<br><br>Wire Fraud Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))<br><br>False Statements Forfeiture Allegation: (18 U.S.C. § 982(a)(2)(A)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.      Schleider Aristhyl ("ARISTHYL") was a resident of Boston, Massachusetts.

2.      ARISTHYL worked for the Department of Homeland Security as a Customs and Border Protection Officer at Boston Logan Airport from on or about December 3, 2023, through at least January 31, 2025.

3.      COMPANY 1 is a mortgage lending business and is an entity that makes in whole or in part federally-related mortgage loans. Specifically, COMPANY 1 provides loans secured by a lien on residential real property and designed for single family occupancy and guaranteed or assisted in any way by an agency of the federal government, namely, the Department of Veterans

1

Affairs ("VA"). COMPANY 1 conducted its mortgage lending business in and affecting interstate commerce.

4.      COMPANY 2 is a loan originator whose services include connecting prospective borrowers to mortgage lenders, including COMPANY 1. In that capacity, COMPANY 2 assists prospective borrowers in compiling the documents and materials required for a mortgage loan application and in submitting such mortgage loan application to mortgage providers like COMPANY 1.

5.      The VA provides assistance to qualifying veterans and certain qualifying family members in the purchase of a home through a benefit known as the VA home loan guaranty. The VA home loan guaranty is an agreement whereby the VA agrees to reimburse a lender (such as banks, credit unions, mortgage companies, etc.) for a certain percentage of the cost of the loan in the event of loss due to foreclosure.

6.      To be eligible for a VA home loan guaranty, a veteran must meet certain service-related requirements, including a minimum active-duty service period and qualifications related to the veteran's discharge from service. Veterans can obtain a Certificate of Eligibility from the VA that states whether the veteran is eligible to apply for a VA-guaranteed loan and whether the veteran is "exempt" from paying a funding fee associated with the mortgage to the VA or whether the veteran is "non-exempt," *i.e.*, the veteran must pay the funding fee to the VA.

7.      A veteran who is eligible to apply for a VA-guaranteed loan must also meet certain credit, income, and occupancy requirements from both the VA and the mortgage lender.

<u>Scheme to Defraud</u>

8.      From at least on or around October 2, 2024, through January 31, 2025, in the District of Massachusetts and elsewhere, ARISTHYL devised a scheme to defraud, and to obtain mortgage proceeds and a funding fee waiver, by filing and causing the filing of false and fraudulent loan application documents.

9.      The purpose of the scheme was for ARISTHYL to obtain mortgage proceeds and a funding fee waiver under false and misleading pretenses, including false documents and false statements about ARISTHYL's purported monthly income and eligibility to receive a loan funding fee waiver.

<u>The VA Guaranteed Mortgage Loan Application</u>

10.      On or about October 2, 2024, ARISTHYL submitted or caused COMPANY 2 to submit a Uniform Residential Loan Application form ("October 2 URLA") to COMPANY 1 in connection with an application for a 30-year, VA-guaranteed mortgage, with lender loan number xxxxxxx922 ("No. x922 Loan Application").

11.      In the No. x922 Loan Application, ARISTHYL sought a mortgage of $478,000 from COMPANY 1 to purchase a house located in Warwick, Rhode Island. ARISTHYL electronically signed the application.

12.      On the October 2 URLA form, ARISTHYL listed his employment income from his then-employer, U.S. Customs and Border Protection,[1] and falsely listed "VA Compensation" in the amount of $3,800 per month in the section titled "Income from Other Sources."

---

[1] The application identified ARISTHYL's employer as "US border patrol." At the time, ARISTHYL was employed by the Department of Homeland Security, Customs and Border

13.     As part of the No. x922 Loan Application, ARISTHYL submitted or caused to be submitted two false and fraudulent documents to COMPANY 1. Specifically:

a.  On or about October 7, 2024, ARISTHYL submitted or caused COMPANY 2 to submit to COMPANY 1 a false and fraudulent document that purported to be a disability benefits letter from the VA (the "VA Disability Letter").

b.  The VA did not issue the VA Disability Letter to ARISTHYL.

c.  The VA Disability Letter falsely stated that ARISTHYL had a service-connected disability rating of 100% and that ARISTHYL was receiving a monthly disability benefit of $3,449.50 from the VA.

d.  These representations were false. Between October 2, 2024, and October 25, 2024, ARISTHYL had no service-connected disability rating from the VA, and he was not receiving monthly disability benefits from the VA.

e.  ARISTHYL knew these representations were false because he had previously applied for a service-connected disability rating from the VA on or about November 16, 2023, and the VA had denied his claim on or about March 6, 2024.

f.  On or about October 7, 2024, ARISTHYL submitted or caused COMPANY 2 to submit to COMPANY 1 a false and fraudulent document that purported to be a Certificate of Eligibility for a Loan Guaranty from the VA (the "Funding Fee Letter").

g.  The VA did not issue the Funding Fee Letter to ARISTHYL.

h.  ARISTHYL falsely represented in Funding Fee Letter that he was "Exempt" from paying the funding fee associated with a VA-guaranteed mortgage loan, which was approximately $10,277. By falsely claiming to be "Exempt," COMPANY 1 paid the funding fee to the VA.

i.  This representation was false. Between October 2, 2024 and October 25, 2024, ARISTHYL was not exempt from paying the funding fee for a VA-guaranteed mortgage.

j.  ARISTHYL knew these representations were false because he had requested and previously received a true copy of a Certificate of Eligibility

---

Protection ("CBP"). "US border patrol" appears to be a reference to ARISTHYL's employment with CBP.

4

for a Loan Guaranty from the VA on or about October 7, 2024, which stated that ARISTHYL was non-exempt.

14. On or about October 25, 2024, ARISTHYL submitted or caused COMPANY 2 to submit to COMPANY 1 an updated URLA form (the "October 25 URLA") in connection with the No. x922 Loan Application.

15. On the October 25 URLA, ARISTHYL listed employment income from ARISTHYL's then-employer, CBP, and falsely listed "VA Compensation" in the amount of $4,311.88 per month in the section titled, "Income from Other Sources." ARISTHYL also listed bank accounts with cash or market value of $16,122.38 total and identified an Earnest Money deposit of $5,000. ARISTHYL signed this application.

The Issuance of the VA Guaranteed Mortgage Loan

16. ARISTHYL's misrepresentations in the No. x922 Loan Application, which included the false VA Disability Letter and Funding Fee Letter, were material to COMPANY 1's determination as to whether to grant ARISTHYL the mortgage loan.

   a. COMPANY 1 used ARISTHYL's falsely claimed VA monthly disability income to calculate ARISTHYL's total monthly income.

   b. COMPANY 1 relied on its calculation of ARISTHYL's total monthly income to determine whether to issue the mortgage.

   c. ARISTHYL would not have been eligible for the mortgage loan had the alleged VA monthly disability income been excluded from his total monthly income calculation.

   d. COMPANY 1 relied on ARISTHYL's false Funding Fee Letter and did not require ARISTHYL to pay a funding fee as part of the mortgage loan requirements.

5

17.     COMPANY 1 approved the issuance of the mortgage, and on or about October 25, 2024, COMPANY 1 issued a mortgage to ARISTHYL in the amount of approximately $478,000 for the purchase of the Warwick, Rhode Island house.

18.     The mortgage was issued via an interstate wire transfer from COMPANY 1's bank account to an escrow bank account for ARISTHYL that was used to complete ARISTHYL's purchase of the house in Warwick, Rhode Island.

19.     On January 15, 2025, COMPANY 1 paid the VA the funding fee in the amount of $10,780.43 that was required in connection with the mortgage.

20.     On January 21, 2025, COMPANY 1 submitted the mortgage to the VA to obtain a VA guarantee and obtained that guarantee from the VA on the same date.

## COUNT ONE
### Wire Fraud; Aiding and Abetting
(18 U.S.C. §§ 1343 and 2)

The Grand Jury charges:

21.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

22.    From on or about October 2, 2024, through on or about January 31, 2025, in the District of Massachusetts, and elsewhere, the defendant,

### SCHLEIDER ARISTHYL,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approximate Date | Description |
|-------|------------------|-------------|
| 1 | October 25, 2024 | Interstate wire for $481,743.81 from UBS account of COMPANY 1 to Santander account of the third party IOLTA provider to fund the defendant's purchase of the Warwick, Rhode Island property. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO
### Making False Statements to a Mortgage Lending Business;
### Aiding and Abetting
### (18 U.S.C. §§ 1014 and 2)

The Grand Jury further charges:

23.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

24.     From on or about October 2, 2024, through on or about October 25, 2024, in the District of Massachusetts, and elsewhere, the defendant,

### SCHLEIDER ARISTHYL,

knowingly made and caused to be made a false statement and report for the purpose of influencing in any way the actions of COMPANY 1, a mortgage lending business and an entity that makes in whole or in part federally related mortgage loans, in connection with an application, as follows: ARISTHYL submitted (i) the VA Disability Letter, a false and fraudulent document that purported to be a letter from the VA stating that the defendant had received a 100% service-connected disability rating and that the defendant was receiving monthly VA disability income, and (ii) the Funding Fee Letter, a false and fraudulent document that purported to be a letter from the VA stating that the defendant was "exempt" from paying a funding fee associated with a VA-guaranteed mortgage.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## WIRE FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

25.    Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One, the defendant,

### SCHLEIDER ARISTHYL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following assets:

a. $481,743.81, to be entered in the form of a forfeiture money judgment; and

b. The real property located at 72 Natick Avenue, Warwick, RI 02886, including all buildings, appurtenances, and improvements thereon, more particularly described in the Warranty Deed recorded on October 25, 2024, at Book 10578, Page 133, at the Kent County Registry of Deeds.

26.    If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

9

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 25 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

10

FALSE STATEMENTS FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(A))

The Grand Jury further finds:

27.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1014, set forth in Count Two, the defendant,

SCHLEIDER ARISTHYL,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting or derived from proceeds obtained directly or indirectly, as a result of such offenses.  The property to be forfeited includes, but is not limited to, the following assets:

    a.  $481,743.81, to be entered in the form of a forfeiture money judgment; and

    b.  The real property located at 72 Natick Avenue, Warwick, RI 02886, including all buildings, appurtenances, and improvements thereon, more particularly described in the Warranty Deed recorded on October 25, 2024, at Book 10578, Page 133, at the Kent County Registry of Deeds.

28.    If any of the property described in Paragraph 27, above, as being forfeitable pursuant to Title 18, United States Code, 982(a)(2), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

11

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 25 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL



FOREPERSON

JULISSA WALSH
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: JULY 16 , 2026

Returned into the District Court by the Grand Jurors and filed.

Alexandra Traganos

DEPUTY CLERK

12